## THE STATE *v.* GILBERT.

Where a court organized under the stat. of 1 June, 1846, for the trial of slaves charged with capital offences, fails to convict the accused of the crime with which he is charged, it may, under the 9th section of that act, punish him for any inferior offence established by the evidence, without sending him before the tribunal specially appointed for the trial of minor offences; but unanimity in the court is as essential to decree the milder punishment, as to

pronounce the sentence of death. When the court is not unanimous, there is a mis-trial; but such mis-trial will be no bar to a second trial for the same offence.

The confessions of a slave accused of a crime, made under the influence of threats or violence, are inadmissible in evidence to establish his guilt.

STATE
v.
GILBERT.

APPEAL from a court organized for the trial of the defendant in the parish of East Feliciana.

*Elmore*, Attorney General, for the State.

*Saunders* and *King*, for the appellant. A second trial was illegal. Act of 1 June, 1846, s. 9. Confessions, not voluntary, are inadmissible in evidence. 2 Starkie on Evid. p. 48. Roscoe's Crim. Ev. p. 28. Greenleaf on Ev. p. 263.

The judgment of the court was pronounced by

KING, J. The defendant, who is a slave, was tried by a court composed of two justices of the peace and ten owners of slaves, under the provisions of the act of 1846, for an attempt to commit a rape on the person of a white woman, a crime punishable by death. The court failed to agree upon a verdict on the first trial, and a second trial was had, when the defendant was convicted, and the court, in the exercise of the power granted by law, sentenced him to imprisonment in the penitentiary for life. From this judgment the present appeal has been taken.

Two grounds are relied on for a reversal of the sentence of the inferior tribunal: 1st. That the first trial was a bar to all further proceedings for the same offence, under the peculiar provisions of the statute of 1846. 2d. That the conviction of the accused was produced by giving in evidence his confessions extorted by violence.

I. In support of the first ground it is contended that, the 9th section of the act of 1846 (Acts, p. 115,) virtually forbids a second trial, by authorising the jury, if they fail to convict or acquit the accused of the crime charged, to decree corporal punishment, which discretion is substituted in lieu of a second trial; and that a failure to exercise this power is a bar to all further proceedings, the contingency of a mis-trial being unprovided for by the act.

We cannot yield our assent to this interpretation of the statute. The 9th section referred to is in these words : " All the members of the court established by this act, shall have a voice in determining the guilt or innocence of the accused ; but a unanimous concurrence shall be required to convict or acquit. In case, however, such court shall not convict or acquit the accused of an offence punishable with death, it shall have the power to decree the infliction of such corporal punishment, as it may consider deserved by the prisoner."

This statute provides two distinct tribunals, differently composed, for the trial of offences committed by slaves—the one for the trial of such as are capital, and the other for the trial of those which are not capital. The 9th section, above quoted, relates to the tribunal for the trial of capital cases. We understand the object of the second branch of the section to be, only to empower the court, in the event of not convicting the accused of a capital crime, to mitigate the severity of the law, and, in lieu of the sentence of death, to decree such corporal punishment as they may deem commensurate with the gravity of his offence. On a failure to convict of the capital charge, they are vested with the same power of punishing the accused for such inferior offence as may be established by the evidence, without sending him before the tribunal specially constituted for the trial of minor crimes; but unanimity of the court is as essential to decree the corporal punishment, as to pronounce the sentence of death.

When this unanimity does not occur, there is a failure of trial; and we find nothing in this grant of discretionary power, nor in other parts of the act, which, in that event, forbids a second investigation of the charge. The general rule of law which permits a second examination upon the occurrence of a mistrial remains untouched by the statute, and applies to prosecutions like the present.

On the trial a witness was offered on the part of the prosecution, to prove confessions made by the accused while undergoing corporal punishment. The admissibility of these confessions was objected to, the objections were overruled, and the opinion of the court was excepted to. No rule is better understood than that which excludes from evidence the confessions of a person accused of a crime, to establish his own guilt, when made under the influence of threats or violence. A conviction upon such evidence is abhorrent to the principles of that humane system of laws from which we derive most of our rules of criminal proceedings, and cannot be countenanced. It is objected that the confessions given in evidence are not set forth in the bill of exceptions, and that this court is, therefore, not informed whether they were of a character to influence the jury. It is true that the bill of exceptions is loosely drawn; it distinctly states, however, that confessions, extorted by violence, were given in evidence. If the tendency of those confessions was to criminate the accused, they were clearly inadmissible; and, if they were offered for any other purpose, they should have been equally excluded, on the ground of irrelevancy. In either event, they should not have been received.

It is therefore ordered that the judgment of the inferior court be reversed, that the verdict be set aside, and the cause remanded for a new trial, with instructions to the inferior court not to receive the confessions of the accused given under the influence of threats or violence.